EVANS *et al. v.* PENNINGTON, executrix.

GILBERT, Justice. 1. All express trusts shall be created and declared in writing. Code of 1933, § 108-105. Therefore all of the petition seeking a recovery on an alleged express trust was properly stricken on demurrer.

2. The petition alleged the making of a promissory note as a basis for recovery, but failed to allege whether it was executed under seal and when it became due. The defendant filed a special demurrer calling for that information, and there was no amendment to meet that defect. Accordingly, the proper inference was that the note was not executed under seal, and that it was due when executed. More than six years having elapsed between the execution and maturity of the note and the date the suit was filed, the demurrer on the ground that the suit was barred by the statute of limitations was properly sustained.

3. The portion of the petition which alleged that an implied trust was created between the mother and the father for the benefit of the petitioners was likewise properly stricken on demurrer, the alleged implied trust being barred by the statute of limitations, the mother having died July 27, 1915 (Code of 1933, § 3-709), and it not being alleged that any of the plaintiff beneficiaries were then minors; nor does the petition show that petitioners belong to any class for the benefit of whom a trust may be created. Code of 1933, § 108-114. *Garner* v. *Lankford*, 147 *Ga.* 235 (2) (93 S. E. 411).

4. The court did not err in sustaining the demurrer and dismissing the petition. *Judgment affirmed. All the Justices concur.*

No. 10609. MARCH 15, 1935.

*Josephine W. McDonald,* for plaintiffs.

*Roy V. Harris,* for defendant.